CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 5 2006

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSE NEWTON, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00056 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Jesse Newton brings this motion to correct his sentence pursuant to 28 U.S.C. § 2255, claiming his sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005). The court finds that, because the Fourth Circuit has fully considered Newton's claim on direct appeal, it may not adjudicate it again as part of Newton's § 2255 motion. Accordingly, the court denies Newton's motion.

**I.**

A jury convicted Newton of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. The pre-sentence report noted that, were it not for Newton's status as a career offender, his offense level would have been 36 based on the 596 grams of crack attributed to him, see U.S.S.G. § 2D1.1(c)(2), but that, due to Newton's status as a career offender under U.S.S.G. § 4B1.1, his offense level was 37, regardless of drug quantity, and his criminal history category was VI. This resulted in a guideline range of 360 months to life. Newton objected to the application of the career offender guideline and to the drug quantity attributed to him in the pre-sentence report. The court overruled the former objection, finding that Newton met the requisites for career-offender status: he was 18 years of age at the time of his current conviction,

his current conviction was for a controlled substance offense, and he had two prior felony convictions for crimes of violence. See U.S.S.G. § 4B1.1. Because Newton's conviction carried a maximum sentence of life imprisonment, see 21 U.S.C. § 841(b)(1)(A)(iii), the court found Newton's base offense level to be 37 under the career offender provisions of U.S.S.G. § 4B1.1. Because this offense level exceeded the level that U.S.S.G. § 2D1.1(c)(2) would have prescribed on the basis of drug quantity alone, the court applied it. See U.S.S.G. § 4B1.1. Therefore, the resolution of Newton's drug-quantity objection was immaterial to his sentence, and the court made no findings regarding drug quantity beyond the 50-gram finding necessarily made by the jury when finding Newton guilty. The court ultimately sentenced Newton to 360 months.

Newton appealed, claiming, among other things, that the court violated Booker by making impermissible findings of fact with regard to drug quantity and career-offender status. See Newton v. United States, 141 Fed.Appx. 114, 2005 WL 1793717 (4th Cir. 2005). The Fourth Circuit found that the district court had not made any finding of fact as to drug quantity "because the career offender status determined the applicable criminal history offense level" and that, because Booker does not apply to the fact of a prior conviction or convictions, the court did not violate Booker when making the findings necessary to support Newton's classification as a career offender. Id. Newton filed a writ of certiorari with the United States Supreme Court, which that Court denied. In his current petition, Newton again claims that the court transgressed Booker by sentencing him based on a drug quantity neither admitted nor found by a jury.

## II.

In his § 2255 motion, a petitioner may not relitigate a claim which the Court of Appeals has already fully considered and decided on direct appeal. Boeckenhaupt v. U.S., 537 F.2d 1182,

1183 (4th Cir. 1976). Having reviewed Newton's current <u>Booker</u> claim, the court finds it indistinguishable from the one already addressed by the Fourth Circuit as part of Newton's appeal[1] and, therefore, the court will not address it as part of Newton's § 2255 motion.

### III.

For the foregoing reasons, the court denies Newton's § 2255 motion.

**ENTER:** This 25th day of January, 2006.

UNITED STATES DISTRICT JUDGE

---

[1] In his motion, Newton appears to claim that his attorney failed to raise the current <u>Booker</u> claim on direct appeal; however, the claim advanced in his motion is indistinguishable from the one the Fourth Circuit addressed as part of Newton's direct appeal. See <u>Newton v. United States</u>, 141 Fed.Appx. 114, 2005 WL 1793717 (4th Cir. 2005).

3